IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MORRELL GIVENS,

    Petitioner,

v.                                        Civ. No. 09-1048 WJ/RLP

ANTHONY ROMERO, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.     This is a proceeding brought pursuant to 28 U.S.C. § 2241. Petitioner seeks relief because, he alleges, he is being "illegally detained" because he is being "forced to serve a second two-year term of parole "for absolutely no reason." Respondent has filed a Motion to Dismiss, incorrectly designating the petition as one arising under § 2254.

2.     The record reveals the following. On October 4, 2002, pursuant to a plea agreement, Judgment was entered in the Second Judicial District Court, Bernalillo County, Cause Nos. CR-2001-3128 and CR-2002-2786. *See* Answer [Doc. 13], Exhibit A thereto. The state district court sentenced Petitioner to a term of 13 years, with five years suspended. His eight year term of incarceration was to be followed by two years of parole and five years' probation. *Id*.

3.     On October 16, 2008 the state filed its First Motion to Revoke Probation as Petitioner had violated the terms of his probation. Exhibit F. On November 14, 2008

---

[1] Within 14 days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the 14-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.

Petitioner was sentenced to 649 days of confinement, which was to "run concurrent with parole." Exhibit G. The Order and Commitment also provided that Petitioner was "to serve two (2) year(s) mandatory parole (unless previously served) . . . ." *Id.* On November 30, 2009 the State of New Mexico Adult Parole Board issued its Memorandum, which states in pertinent part: "You will NOT be granted full credit while on parole due to absconder status and/or serving time in another state, county, or federal institution September 24, 2009 through October 8, 2009. Exhibit H.

4. Petitioner alleges that he was released on September 9, 2009 having completed all of his parole and probation terms and that he is being required to serve an addition two year term of parole in violation of the terms of his plea agreement. Respondent argues that Petitioner has failed to exhaust his administrative remedies; Petitioner has not filed a state habeas proceeding for review, pursuant to 5-802 NMRA. Respondent argues that based on the availability of state court remedies and the possibility of administrative remedies, this Court should dismiss the petition. Alternatively, Respondent argues that Petitioner's claims involve state law only and are therefore not cognizable in federal court.

5. When an inmate challenges the execution of a sentence, rather than its validity, his claim arises under 28 U.S.C. § 2241. *Wilson v. Oklahoma*, 335 Fed.Appx. 783, *1 (10th Cir. 2009) (unpublished opinion) (citing *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000)). Administrative remedies are required to exhausted under § 2441. *See Quintana-Navarette v. Garcia*, 2010 WL 227357, *1 (10th Cir. 2010) (unpublished opinion) (citing *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curium)). As with § 2254 claims, a proceeding under § 2241 must allege a violation of a federal constitutional right. State law claims are not cognizable in a federal habeas action. *Id.* (citing *id.*).

6.     Respondent has pointed out both that Petitioner has not availed himself of either his state court remedies (the filing of a state habeas petition) or his administrative remedies through the Department of Corrections.  Petitioner has failed to come forward with any documentation indicating that he has pursued his claims through either of those channels.  Accordingly, I recommend that Respondent's Motion to Dismiss be granted and this case dismissed without prejudice.

## RECOMMENDED DISPOSITION

I recommend that the Motion to Dismiss [Doc. 14] be granted and this case dismissed without prejudice.

_____
Richard L. Puglisi
Chief United States Magistrate Judge